[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISQUALIFY
The defendants have moved to disqualify Attorney Thomas C. Healey, and his law firm, Winnick, Vine, Welch Donnelly, from representing the plaintiff in the above entitled matter. In May of 1993, Anne Evanuik was represented by the law firm of Winnick, Vine, Welch Donnelly who drafted a will for her and caused the will to be executed on or about May 26, 1993. Anne Evanuik died in July of 1993. On August 1, 1993, the defendants, including the Estate of Anne Evanuik, applied to the Zoning Board of Appeals of the City of Derby for a variance concerning the use of their property located at 89 Park Avenue. A public hearing was held on the application on August 26, 1993 and, on September 1, 1993, notice of the granting of that application was published. On October 5, 1993, the plaintiff, art owner of property located within 100 feet of 89 Park Avenue, filed an appeal with respect to the granting of the variance. The plaintiff is represented by Attorney Healey of the law firm of Winnick, Vine, Welch Donnelly. There in no claim that either Attorney Healey or his law firm represented the Estate of Anne Evanuik in applying for the variance or that they are acting, or have acted, as attorney for the estate.
The defendant's initial claim is that disqualification is required by the provisions of Rule 1.7 of the Rules of Professional Conduct which governs representation by an attorney of a client whose interests are adverse to another client or where the representation is materially limited by the lawyer's responsibility to one of the clients. Specifically, the defendant claims that the representation of Anne Evanuik in the writing of the will carries the attorney-client relationship to the estate so that there is an attorney-client relationship between the law firm and the Estate of Anne Evanuik.
"When a client engages the services of a lawyer in a given piece of business, he is entitled to feel that, until the business is finally disposed of in some manner, he has the undivided loyalty of one upon whom he looks as his advocate and his champion." Grievance Committee v. Rottner, 152 Conn. 59, 65 (1964). Under the CT Page 115 circumstances here presented, the services for which Anne Evanuik retained the law firm was "finally disposed of" and there is no indication that the law firm, or any member thereof, is acting, or has acted, as an attorney for the Estate of Anne Evanuik. Accordingly, the court holds that the facts upon which the defendants claims are based are not encompassed by Rule 1.7.
The defendants also claim disqualification is required pursuant to the provisions of Rule 1.9 of the Rules of Professional Conduct which provides as follows:
 "A lawyer who has formerly represented a client in a matter shall not thereafter:
 (a) Represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation; or
 (b) Use information relating to the representation to the disadvantage to the former client except as Rule 1.6 would permit with respect to a client or when the information has become generally known."
"Under the substantial relationship portion of the test, disqualification is the proper sanction only upon a showing that the relationship between the issues in the prior and present cases is `patently clear' or where the issues are `essentially the same'." State v. Bunkley, 202 Conn. 629, 652 (1987); State v. Jones, 180 Conn. 443, 449 (1980). In the present case, the issues involved in the drafting of a will disposing of property at death and the application for a variance under existing zoning regulations are not "essentially the same" and the relationship between those issues is not "patently clear".
Accordingly, the motion to disqualify is hereby denied.
Rush, J. CT Page 116